UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLUTCH, INC. D/B/A CARPE<br><br>Plaintiff,<br>v.<br><br>KASEBERRY, INC., SHINMORE INC., All153 PP, INC., AND DOES 1-10,<br><br>Defendants. | Civil Action No. 1:24-cv-8407<br><br>**COMPLAINT FOR TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION** |

## NATURE OF THE ACTION

1. This is a civil action by Plaintiff Clutch, Inc. d/b/a Carpe ("Carpe") against Defendants Kaseberry, Inc. ("Kaseberry"), Shinmore Inc. ("Shinmore"), All153 PP, Inc. ("All153"), and Does 1-10 (collectively, "Defendants") for damages and injunctive relief arising out of Defendants' misappropriation and use of Plaintiff's trade dress and unfair competition. As set forth below, Defendants' unlawful acts constitute trade dress infringement, false designation of origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as well as unfair competition in violation of New York state law.

2. Since at least as early as 2015, Carpe has offered its sweat absorbing hand lotion under its Carpe-orange and white box trade dress and bottle packaging. By 2020, Carpe grew to offer additional sweat absorbing and antiperspirant products, such as its face lotion and body products. Carpe has sold its products under the current version of its Carpe-orange and white box trade dress and bottle packaging since at least as early as 2020. Defendants have intentionally and willfully copied Carpe's trade dress and associated elements of Carpe's packaging with the intent to trade upon Carpe's good will, divert its sales, and confuse consumers into associating the

infringing products with Carpe. Furthermore, Defendants' unlawful actions are exacerbated by the use of false Amazon reviews and purchasing the names of Carpe's products as search terms.

3.      Carpe has been harmed and, unless this Court enjoins Defendants from their infringing acts, Carpe will continue to be harmed by Defendants' unlawful activities.

## THE PARTIES

4.      Plaintiff Clutch, Inc. d/b/a Carpe is a North Carolina corporation with a business address located at 119 W Main St, Ste 200, Durham, NC 27701.

5.      On information and belief, Defendant Kaseberry, Inc. is a New York corporation with a business address located at 3411 Pleasant Ridge Rd., Wingdale, NY 12594.

6.      On information and belief, Defendant Shinmore Inc. is a New York corporation with a business address located at 152 East 118th Street, Suite # S1, New York, NY 10035.

7.      On information and belief, Defendant All153 PP, Inc., is a New York corporation with a business address located at 922 E. Tremont Ave Unit 101, Bronx, NY 10460.

8.      Plaintiff is informed and believes, and on that basis alleges, that each of the Defendant Does sued under fictitious names is in some manner responsible for the wrongs and damages alleged below. All Defendants were responsible for the events and damages alleged herein, including on the following bases: (a) they committed the acts alleged; (b) at all relevant times, one or more Defendants was the agent or employee, and/or acted under the control or supervision, of one or more remaining Defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for Plaintiff's damages; or (c) at all relevant times, there existed a unity of ownership and interest between or among each Defendant such that any individuality and separateness between or among each Defendant has ceased, and each Defendant is the alter ego of the another. Each Defendant

exercised domination and control over the other Defendant to such an extent that any individuality or separateness of each Defendant does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of a Defendant would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of each Defendant were authorized, ratified, and approved of by each other Defendant.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the federal trademark, false designation of origin, and unfair competition claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

10. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state law pursuant to 28 U.S.C § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

11. Because Defendants have caused injury to Carpe in the State of New York, this Court has personal jurisdiction over Defendants. Upon information and belief, Defendants have engaged in continuous and systematic business contacts with the State of New York and customers therein via, among other activities, its unlawful and unauthorized internet sales activities directed to New York. Defendants have otherwise availed themselves of the privileges and protections of the laws of the State of New York, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

12. On information and belief, the Court further has jurisdiction over Defendants because they are incorporated in, have their principal place of business in, and are otherwise domiciled in New York.

13. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred in this District, causing damages to Plaintiff in this District.

14. Venue is further proper under 28 U.S. Code § 1391 because, on information and belief, Defendants are incorporated in, have their principal place of business in, and are otherwise domiciled within this judicial district.

## FACTUAL BACKGROUND

### Carpe and the Carpe Orange Trade Dress

15. Since at least as early as 2015, Carpe has offered its sweat absorbing hand lotion under its Carpe-orange and white box trade dress and bottle packaging. By 2020, Carpe grew to offer additional sweat absorbing and antiperspirant products, such as its face lotion and body products. Carpe has sold its products under the current version of its Carpe-orange and white box trade dress and bottle packaging (the "Carpe Trade Dress") since at least as early as 2020. Illustrative examples of Carpe's Trade Dress are as follows:

  

16. In addition to its hand lotion, Carpe sells its other antiperspirant and sweat absorbing products using the distinctive Carpe Trade Dress.

17. Carpe has invested substantial amounts in advertising and marketing in order to build the fame, reputation, and goodwill of the Carpe Trade Dress.

18. Carpe has promoted its sweat absorbing products under the Carpe Trade Dress extensively throughout the United States through its own website, located at https://mycarpe.com/, and the Carpe Amazon store. In addition, Carpe actively promotes its Carpe-Trade Dress on the Carpe Facebook page (@MyCarpe), TikTok (@mycarpe), and Instagram (@mycarpe), as well as on other social media platforms and outreach.

19. Carpe has attained substantial sales of products bearing the Carpe Trade Dress in the United States.

20. Due to its commitment to quality and promotion of the Carpe Trade Dress, Carpe has established and maintains a reputation in the industry and among consumers for the quality and consistency of its products and services under the Carpe Trade Dress. As a result of this excellent reputation and its investment in the Carpe Trade Dress, the Carpe Trade Dress has become well-recognized by consumers as emanating from Carpe.

21. Accordingly, Carpe owns all right, title, and interest in and to all common law rights in the Carpe Trade Dress in association with antiperspirants and body, hand, foot, and face lotions and related goods.

22. The Carpe Trade Dress is inherently distinctive when applied to the antiperspirants and body, hand, foot, and face lotions and related goods sold under the Carpe Trade Dress.

**Defendants' Business and Infringing Activities**

23. In August of 2023, Carpe became aware that Defendants had begun offering a

sweat-absorbing face product under the brand name KASEBERRY through the Amazon storefront operated by All153 PP, Inc., as follows:



24. The sweat absorbing product, in addition to copying Carpe's distinctive orange trade dress, used identical font and placed emphasis on identical words and line elements, which are clearly intended to deceive consumers into associating the infringing product with Carpe.

25. Furthermore, on information and belief, the product listing was artificially inflated with fake reviews designed to further divert Amazon traffic and Carpe's product sales.

26. On August 7, 2023, counsel for Carpe issued a cease and desist letter to Kaseberry, demanding that Kaseberry, among other things, cease using Carpe's trade dress. A true and correct copy of that correspondence is attached hereto as Exhibit A.

27. Following the August 7, 2023 cease and desist letter, but without responding to it, Kaseberry made changes to its Amazon listing, most notably by removing images of the box that the products were packaged in from the online listing.

28. However, by removing the box, Kaseberry did not resolve the trade dress

infringement issues and may have in fact exacerbated them in relation to particular competing Carpe products.

29. For example, a review of Amazon's list of its best-selling antiperspirant products displayed Carpe's and Kaseberry's products in close and direct proximity as follows:



30. Accordingly, on August 16, 2023, counsel for Carpe sent another cease and desist letter highlighting that Kaseberry's changes did not resolve Carpe's infringement and confusion concerns. A true and correct copy of that correspondence is attached hereto as Exhibit B.

31. On August 22, 2023, a representative of Kaseberry reached out by email to Carpe's counsel and stated that they "understood what [Carpe] meant" in its correspondence and agreed to change its listing. A true and correct copy of that correspondence is attached hereto as Exhibit C.

32. However, in or around October of 2024, Carpe became aware that Kaseberry had

not only continued to copy Carpe's trade dress with its face lotion product[1], but that it had launched a sweat-absorbing hand lotion product that is even closer to Carpe's trade dress, as follows[2]:



33. When consumers search for Carpe's hand lotion product on Amazon, they are presented with Kaseberry's substantially similar-looking product in their sponsored search results:

---

[1] Currently available at: https://www.amazon.com/Face-Antiperspirant-Anti-sweat-face/dp/B0D51S4WVJ/ref=sr_1_2?dib=eyJ2IjoiMSJ9.U877Tg5SNYVRfnHLny6LJ7qMt6-2K-NpH2kuMVGCmsw._T7LIpGuw2K24wrZn41ddhytjVLHxQ54auuOJNzAaiI&dib_tag=se&qid=1729031203&sr=8-2&srs=121153254011 (ASIN B0D5154WVJ)

[2] Currently available at: https://www.amazon.com/KASEBERRY-Hand-Antiperspirant-Sweat-Lotion/dp/B0DDM9L5Y4/ref=sr_1_1?dib=eyJ2IjoiMSJ9.U877Tg5SNYVRfnHLny6LJ7qMt6-2K-NpH2kuMVGCmsw._T7LIpGuw2K24wrZn41ddhytjVLHxQ54auuOJNzAaiI&dib_tag=se&qid=1729029953&sr=8-1&srs=121153254011 (ASIN B0DK7MNQ25)



34.     The products in Kaseberry's new listings are offered for sale by Defendant Shinmore through the Shinmore Store on Amazon.

35.     Despite having placed Defendants on notice of their unlawful activities, Defendants continued and continue to offer for sale infringing products.

36.     On information and belief, Defendants additionally purchased search terms related to Carpe and its products to confuse consumers and divert sales to Defendants.

37.     Furthermore, on information and belief, Defendants continue to use false Amazon reviews to inflate their star ratings and elevate their position in Amazon's listings, which places Defendants' products in direct proximity to Carpe's products.

38.     The FTC Chari, Lina Khan has said, "[f]ake reviews not only waste people's time

9

and money, but also pollute the marketplace and divert business away from honest competitors." Generating fake reviews is express prohibited by the FTC's Final Rule, 16 CFR 465: Trade Regulation Rule on the Use of Consumer Reviews and Testimonials, which became effective October 21, 2024.

39. Defendants' use of trade dress that is confusingly similar to the Carpe Trade Dress, posting of fake reviews, and purchase of key words will mislead consumers into believing that the Defendants or the infringing trade dress are somehow affiliated with Carpe or its products, or that Defendants are approved, sponsored, or supplied by Carpe and otherwise unfairly promote Defendants' products and divert business away from Carpe.

40. Defendants' continuing infringement of the Carpe Trade Dress and unfair conduct was and is with full knowledge of Carpe's rights, willful, and intentional.

41. Defendants' infringement of the Carpe Trade Dress and unfair conduct provides an unlawful competitive advantage to Defendants at Carpe's expense, diverting sales from Carpe and causing damage to Carpe's reputation and goodwill.

42. Consequently, it is clear that Defendants have continued to engage in such illegal and infringing actions as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Carpe's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Carpe, including, without limitation, Carpe's Trade Dress.

43. Through these actions, Defendants have, among other things, willfully and in bad faith committed the following, all of which have caused and will continue to cause irreparable harm to Carpe: engaged in trade dress infringement and false designation of origin, engaged in unfair competition, and unfairly profited from such activities at Carpe's expense.

44. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

**COUNT I**
**FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**
**(All Defendants)**

45. Plaintiff restates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

46. Plaintiff's Carpe Trade Dress is a valid and enforceable common law trademark entitled to protection under the Lanham Act, and Carpe has continuously used the Carpe Trade Dress in interstate commerce since as early as 2020.

47. Defendants import, advertise, and sell products bearing an infringing trade dress on Amazon.com and https://kaseberrycare.com/.

48. Defendants' actions constitute willful and deliberate use in commerce of a trade dress confusingly similar to Carpe's Trade Dress, which is likely to cause confusion, mistake, and deception as to the source of the products or of the origin, sponsorship, or approval by Plaintiff of the infringing products provided by Defendants.

49. Carpe's Trade Dress is used in association with identical and highly related goods upon or in connection with which Defendants use the infringing trade dress.

50. As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill, and Defendants have unfairly acquired and will continue to unfairly acquire income, profits and goodwill.

51. Defendants' actions have irreparably damaged Plaintiff, and Plaintiff has no adequate remedy at law. Unless enjoined, Defendants will continue selling products bearing the infringing trade dress, further injuring Plaintiff and the public.

**COUNT II**
**FEDERAL UNFAIR COMPETITION**
**(15 U.S.C. § 1125(a))**
**(All Defendants)**

52. Plaintiff restates and re-alleges each of the foregoing paragraphs of the Complaint as if fully set forth herein.

53. Plaintiff's Carpe Trade Dress is a valid and enforceable common law trademark entitled to protection under the Lanham Act, and Carpe has continuously used the Carpe Trade Dress in interstate commerce since as early as 2020.

54. Defendants sell products bearing an infringing trade dress on Amazon.com (at a minimum through listings ASIN B0D5154WVJ, B0D5YS3L1K, and B0DK7MNQ25, and previously ASIN B0D95YZJD2) and https://kaseberrycare.com/.

55. On information and belief, Defendants use fake reviews to further divert trade to their products and away from Carpe's products.

56. On information and belief, Defendants purchase search terms related to Carpe to intentionally confuse consumers searching for sweat-absorbing products into believing Defendants are related to Carpe.

57. Defendants' unauthorized actions constitute willful and deliberate use in interstate commerce of Carpe's Trade Dress, which is likely to cause confusion, mistake, and deception as to the origin, sponsorship, or approval by Plaintiff of Defendants' products.

58. By importing, exporting and/or assisting and encouraging third parties to import, export and by itself advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the infringing products that bear marks that are identical or confusingly similar to the Carpe Trade Dress, Defendants have traded off the extensive goodwill of Plaintiff to induce and did induce, and intends to, and will continue to, induce customers to

purchase infringing products, thereby directly and unfairly competing with Carpe.

59.     Such actions have caused confusion and permitted, and will continue to cause confusion and permit, Defendants to make substantial sales and profits based on the goodwill and reputation of Carpe, which it has amassed through its nationwide marketing, advertising, sales, and consumer recognition.

60.     The actions of Defendants as alleged herein constitute intentional, willful, knowing and deliberate unfair competition in violation of 15 U.S.C. § 1125(a).

61.     As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill and Defendants have and will continue to unfairly acquire income, profits and goodwill. Defendants' actions have irreparably damaged Carpe, and Carpe has no adequate remedy at law. Unless enjoined, Defendants will continue selling products bearing an infringing trade dress, further injuring Carpe and the public.

## COUNT III
## COMMON LAW UNFAIR COMPETITION
### (New York)
### (All Defendants)

62.     Plaintiff restates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

63.     Plaintiff has invested substantial, time, skill, and money in developing its sweat-absorbing products which bear the Carpe Trade Dress, including but not limited through substantial sums spent in the marketing and advertising of the Carpe Trade Dress.

64.     On information and belief, Defendants use fake reviews to further divert trade to their products and away from Carpe's products.

65.     On information and belief, Defendants purchase search terms related to Carpe to

intentionally confuse consumers searching for sweat-absorbing products into believing Defendants are related to Carpe.

66. Such actions have caused confusion and permitted, and will continue to cause confusion and permit, Defendants to make substantial sales and profits based on the goodwill and reputation of Carpe, which it has amassed through its nationwide marketing, advertising, sales, and consumer recognition.

67. The unfair actions of Defendants as alleged herein were intentional, willful, knowing, and deliberate.

68. As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill and Defendants have and will continue to unfairly acquire income, profits and goodwill. Defendants' actions have irreparably damaged Carpe, and Carpe has no adequate remedy at law. Unless enjoined, Defendants will continue selling products bearing an infringing trade dress, further injuring Carpe and the public.

**PRAYER FOR RELIEF**

**WHEREFORE,** in consideration of the foregoing, Plaintiff Clutch, Inc. d/b/a Carpe requests that this Court enter an Order granting it the following relief:

A. Entering a judgment that Plaintiff's Carpe Trade Dress has been and continues to be infringed by Defendants in violation of 15 U.S.C. § 1125;

B. Entering a judgment that Defendants' infringing use of Carpe's Trade Dress and use of fake reviews constitutes unfair competition in violation of 15 U.S.C. § 1125(a);

C. Entering a judgment that Defendants' infringing use of Carpe's Trade Dress and use of fake reviews constitutes unfair competition in violation of New York common law;

F.     Permanently enjoining and restraining Defendants and each of their agents, representatives, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them from (1) using Carpe's Trade Dress or any mark confusingly similar thereto, (2) directly or indirectly offering for sale products bearing Carpe's Trade Dress or any mark confusingly similar thereto, or (3) contributing to the infringement of Carpe's Trade Dress, or any other designation alone or in combination with other words or symbols, as a trademark, trade name component or otherwise, to display, market, advertise, distribute or identify Defendants' products where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's Carpe Trade Dress;

G.     Permanently enjoining and restraining Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice from the use of trade dress that is identical or confusingly similar to Carpe's trade dress, on or in connection with all Internet websites owned and operated, or controlled by them or in connection with any ecommerce platforms owned by third parties where Defendants offers goods for sale, including but not limited to Amazon listings at ASIN B0D5154WVJ, B0D5YS3L1K, and B0DK7MNQ25, and previously ASIN B0D95YZJD2;

H.     Permanently enjoining and restraining Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice from using trade dress that is identical or confusingly similar to the Carpe Trade Dress in association with ecommerce websites, domain name extensions, metatags, or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, operated, or controlled by Defendants or in connection with any ecommerce platforms owned by third parties where Defendants offer goods for sale;

I. Permanently enjoining Defendants from utilizing or causing to be used fake reviews for Defendants' products in connection with ecommerce websites and websites owned by Defendants;

J. Pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

K. Pursuant to 15 U.S.C. § 1118, requiring that Defendants and all others acting under Defendants' authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing the infringing designations;

L. Awarding Plaintiff all damages it sustained as the result of Defendants' acts of infringement and unfair competition, including but not limited to prospective corrective advertising costs, said amount to be trebled pursuant to 15 U.S.C. § 1117;

M. Awarding to Plaintiff all profits received by Defendants from sales and revenues of any kind made as a result of its willful and intentional infringing actions, said amount to be trebled, after an accounting pursuant to 15 U.S.C. § 1117;

N. Awarding Plaintiff its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

O. Awarding Plaintiff costs of suit, prejudgment and post judgment interest; and

P. Granting Plaintiff such other and further relief as the Court may deem just.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action under Rule 38 of the Federal Rules of Civil Procedure for all matters so triable.

Dated: November 4, 2024                                Respectfully submitted,


                                                       By: *s/Manon Burns*
                                                       Manon Burns, *pro hac vice* pending
                                                       AMIN WASSERMAN GURNANI, LLP
                                                       230 W. Monroe Street
                                                       Suite 1405
                                                       Chicago, IL 60606
                                                       T: (312) 466-1033
                                                       F: (312) 884-7352
                                                       mburns@awglaw.com

                                                       *Attorneys for Plaintiff*