UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLUTCH, INC. D/B/A CARPE<br><br>Plaintiff,<br>v.<br><br>KASEBERRY, INC., SHINMORE INC., All153 PP, Inc., AND DOES 1-10,<br><br>Defendants. | Civil Action No. 1:24-cv-8407<br><br>**DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defendants Kaseberry, Inc., Shinmore Inc., and All153 PP, Inc. (collectively, "Defendants"), for Defendants' false designation of origin and unfair competition and related state common law claims arising out of Defendants' unauthorized use of Plaintiff's Carpe Trade Dress, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of personal care products and related goods and services.

The Court, having considered the Memorandum of Law and Declaration of David Spratte in support of Plaintiff's Motion for Default Judgment, the Affidavits of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defendants' Liability

1) ORDERED, ADJUDGED AND DECREED that judgment is granted in favor of Plaintiff as to the first, second, and third causes of action pleaded in the Complaint (false designation of origin, federal unfair competition, and New York common law unfair competition).

## II. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert or participation with or under the direction of Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in products bearing the Carpe Trade Dress and/or marks that are confusingly similar to, identical to and constitute infringement of the Carpe Trade Dress.

B. directly or indirectly infringing in any manner any Plaintiff's Carpe Trade Dress;

C. using or causing to be used fake reviews for Defendants' products;

D. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Carpe Trade Dress to identify any goods or services not authorized by Plaintiff;

E. using Plaintiff's Carpe Trade Dress, or any other marks or trade dress that is confusingly similar to the Carpe Trade Dress on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in personal care products or related goods and services;

F. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or

the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities with Plaintiff;

G. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) infringing products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

i. Defendants' User Accounts and/or Merchant Storefronts;

ii. Defendants' Assets; and

iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of infringing products by Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

H. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants must deliver up for destruction to Plaintiff any and all infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiff's trademarks, copyrights

3

or other rights including, without limitation, the Carpe Trade Dress, or bear any marks that are confusingly similar to the Carpe Trade Dress pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are permanently enjoined and restrained from:

A. providing services to Defendants, Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts, including but not limited to ASINs B0D5154WVJ, B0D5YS3L1K, B0DK7MNQ25, and B0D95YZJD2 and the website at https://kaseberrycare.com/.

### III. Miscellaneous Relief

1) Any failure by Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

2) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

SO ORDERED.

SIGNED this 23 day of April, 2025, at 3:05 p.m.
New York, New York

                                              HON. EDGARDO RAMOS
                                              UNITED STATES DISTRICT JUDGE